UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORTON LIPETZ and EVELYN JEAN LIPETZ, Individually And On Behalf of All Others Similarly Situated )<br><br>Plaintiff, )<br><br>v. )<br><br>WACHOVIA CORPORATION, G. KENNEDY THOMPSON, and THOMAS J. WURTZ, )<br><br>Defendants. ) | Case No. 1:08-CV-06171-RJS |

NOTICE OF MOTION BY THE UNION PENSION FUND GROUP
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
ITS SELECTION OF COUNSEL AS LEAD COUNSEL FOR THE CLASS

Marc I. Gross
Fei-Lu Qian
**POMERANTZ HAUDEK BLOCK
  GROSSMAN & GROSS LLP**
100 Park Avenue
New York, New York 10017
Telephone: (212) 661-1100
Facsimile:    (212) 661-8665

Patrick V. Dahlstrom
**POMERANTZ HAUDEK BLOCK
GROSSMAN & GROSS LLP**
One North La Salle Street, Suite 2225
Chicago, Illinois 60602
Telephone:    (312) 377-1181
Facsimile:    (312) 377-1184

**Attorneys for the Union Pension Fund Group**

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that on a date and time to be set by the Court, before the Honorable Richard J. Sullivan, at the United States District Court, Southern District of New York, Courtroom 21C at the Daniel Patrick Moynihan United States District Courthouse, 500 Pearl Street, New York, New York, the Iron Workers Locals #40, 361 & 417 Union Security Funds ("Iron Workers #40"); Iron Workers Local #580 Pension Fund ("Iron Workers #580"); Iron Workers District Council of Western New York & Vicinity Pension Plan ("Iron Workers District Council"); Iron Workers Local 12 Pension Fund ("Iron Workers Local 12"); and Local 295/Local 851 IBT Employer Group Pension Trust Fund ("Local 295/Local 851") (collectively the "Union Pension Fund Group"), will respectively move this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an Order appointing the Union Pension Fund Group as Lead Plaintiff in the above-captioned action and approving its choice of the law firm of Pomerantz Haudek Block Grossman & Gross LLP ("Pomerantz") as Lead Counsel for the Class.

The Union Pension Fund Group intends to demonstrate that it has the largest financial interest in the relief sought by the Class and, thus, should be appointed Lead Plaintiff. The Union Pension Fund Group purchased 213,034 shares of stock of Wachovia Corporation ("Wachovia") between May 8, 2006 and June 6, 2008, expending $9,022,540 million to acquire those securities. Based upon these transactions, the Union Pension Fund Group sustained total losses of between $4 million and $5 million as a result of its investments in Wachovia stock during the Class Period. The appointment of

the Union Pension Fund Group as Lead Plaintiff would advance the primary goal of the PSLRA's lead plaintiff provisions: to encourage institutional investors with large financial stakes in the outcome of the litigation to assume control over securities class actions. In addition, members of the Union Pension Fund Group meet the requirements of Rule 23 of the Federal Rules of Civil Procedure because their claims are typical of other Class members' claims and because they will fairly and adequately represent the interests of the Class.

This motion is based upon this Notice of Motion, the accompany Memorandum of Law in support thereof, the pleadings and other files herein, and such other written or oral argument as may be permitted by the Court.

WHEREFORE, the Union Pension Fund Group respectfully requests that the Court: (1) appoint the Union Pension Fund Group as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act; (2) approve the Union Pension Fund Group's selection of Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: August 8, 2008
   New York, New York

                              Respectfully submitted,

                              **POMERANTZ HAUDEK BLOCK**
                              **GROSSMAN & GROSS LLP**

                              /s Marc I. Gross
                              Marc I. Gross
                              Fei-Lu Qian
                              100 Park Avenue
                              New York, New York 10017
                              Telephone:  (212) 661-1100
                              Facsimile:   (212) 661-8665

**POMERANTZ HAUDEK BLOCK
GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
One North La Salle Street
Suite 2225
Chicago, Illinois 60602
Telephone:   (312) 377-1181
Facsimile:    (312) 377-1184

**POMERANTZ HAUDEK BLOCK
GROSSMAN & GROSS LLP**
Cheryl Hamer Mackell
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, DC 20036
Telephone: (202) 327-5420
Facsimile: (202) 327-5422

**Attorneys for the Union Pension Fund
Group**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORTON LIPETZ and EVELYN JEAN LIPETZ, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WACHOVIA CORPORATION, G. KENNEDY THOMPSON and THOMAS J. WURTZ,<br><br>Defendants. | Case No. 1:08-CV-06171-RJS |

[PROPOSED] ORDER APPOINTING LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF LEAD COUNSEL

**WHEREAS,** the Court has considered the competing motions for Appointment of Lead Plaintiff and Approval of Lead Counsel,

IT IS HEREBY ORDERED THAT:

1. Having reviewed all pending Motions and accompanying Memoranda of Law, the Court hereby appoints the Union Pension Fund Group as Lead Plaintiff. Lead Plaintiff satisfies the requirements for Lead Plaintiff pursuant to Section 21D(a)(3)(B)(iii) of the PSLRA.

2. Lead Plaintiff, pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, has selected and retained the law firm of Pomerantz Haudek Block Grossman & Gross LLP to serve as its Lead Counsel in this consolidated action.

3.  Plaintiff's Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

    (a)    to coordinate the briefing and argument of motions;

    (b)    to coordinate the conduct of discovery proceedings;

    (c)    to coordinate the examination of witnesses in depositions;

    (d)    to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

    (e)    to call meetings of the plaintiff's counsel as they deem necessary and appropriate from time to time;

    (f)    to coordinate all settlements negotiations with counsel for defendants;

    (g)    to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

    (h)    to supervise any other matters concerning the prosecution, resolution or settlement of the Action.

4.  No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Lead Counsel.

5.  Counsel in any related action that is consolidated with this consolidated Action shall be bound by this organization of plaintiffs' counsel.

6.  Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

7. Lead Counsel shall be the contact between plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

8. Defendants shall effect service of papers on plaintiffs by serving a copy of same on Lead Counsel by overnight mail service, electronic or hand delivery. Plaintiffs shall effect service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service, electronic or hand delivery.

9. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as computerized data and electronic mail, containing information which is relevant to the subject matter of the pending litigation.

## SINGLE AMENDED CLASS ACTION COMPLAINT

10. The Court hereby orders that Lead Plaintiff is permitted to file a single amended class action complaint within 60 days of entry of this Order.

11. The Defendants shall either file an Answer or other responsive pleading within 60 days of the filing of Lead Plaintiff's Amended Class Action Complaint.

12. If the Defendants file a motion to dismiss as their responsive pleading, Lead Plaintiff shall file its opposition thereto within 60 days of service of Defendants' motion to dismiss, and Defendants shall file any reply thereto within 30 days of service of Lead Plaintiff's opposition.

**SO ORDERED.**

Dated: _____, 2008
      New York, New York

_____
Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
