KIRBY McINERNEY LLP
Roger W. Kirby
Ira M. Press
825 Third Avenue, 16th Floor
New York, NY   10022
Telephone:  (212) 371-6600
Fax: (212) 751-2540
Email: ipress@kmllp.com

*Attorneys for Movant, New York City Pension Funds*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORTON LIPETZ and EVELYN JEAN LIPETZ, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> WACHOVIA CORPORATION, G. KENNEDY THOMPSON and THOMAS J.WURTZ, <br><br> Defendants. | Civil Action No. 1:08-6171-RJS <br><br> <u>CLASS ACTION</u> |

**MEMORANDUM OF LAW
IN SUPPORT OF THE MOTION OF THE NEW YORK CITY PENSION FUNDS
FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

## TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.     THE NYC FUNDS SHOULD BE APPOINTED LEAD PLAINTIFF . . . . . . . . . . . . . . 5

       A.     Legal Standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       B.     The NYC Funds Are Willing to Serve as Lead Plaintiff
              And Have Complied With the PSLRA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       C.     The NYC Funds Have the Largest Financial Interest
              in the Relief Sought by the Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

       D.     The NYC Funds Satisfy The Requirements Of Rule 23
              Of The Federal Rules Of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

              1.     The NYC Funds' Claims Are Typical of Those
                     of Other Class Members . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

              2.     The NYC Funds Will Fairly and Adequately Represent
                     the Interests of the Class and are Not Subject to Unique Defenses . . . . . 11

              3.     The NYC Funds Are Ideal Lead Plaintiffs . . . . . . . . . . . . . . . . . . . . . . . 13

II.    THE NYC FUNDS' SELECTION OF COUNSEL SHOULD BE APPROVED . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

i

# TABLE OF AUTHORITIES

**Cases**

*Garber v. Juniper Networks, Inc.*,
No. C-06-4327-JW, 2006 WL 3365547 (N.D. Cal. Nov. 20, 2006) . . . . . . . . . . . . . . . . . 9

*Gluck v. CellStar Corp.*, 976 F.Supp. 542 (N.D. Tex.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285 (2d Cir.1992) . . . . . . . . . . . . . 10-12

*In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . 2, 10, 11, 13

*In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432 (S.D.N.Y. 2008) . . . . . . . . . . . . . . 7, 8, 10, 12, 14

*In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117 (S.D.N.Y.2002) . . . . . . . . . . . . . . . . . . 10

*In re Olsten Corp. Sec. Litig.*, 3 F.Supp. 2d 286 (E.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Oxford Health Plans*, 191 F.R.D. 369 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . 10

*Kaplan v. Gelfond*, 240 F.R.D. 88 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10, 14

*Lax v. First Merch. Acceptance Corp.*,
No. 97 Civ 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) . . . . . . . . . . . . . . . . . . . . . 8

*Pappas v. Countrywide Financial Corp.*, No. 07-cv-5295 (C.D. Cal. Nov. 28, 2007) . . . . . . . . 9

*Sakhrani v. Brightpoint*, 78 F.Supp.2d 845 (S.D. Ind.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499 (2007) . . . . . . . . . . . . . . . . . . . 2, 13

**Statutes**

15 U.S.C. § 78j(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4

15 U.S.C. § 78t(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

15 U.S.C. § 78u-4 *et seq.* (the Private Securities Litigation Reform Act of 1995) . . . . . . . *passim*

Fed. R. Civ. P. Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 12

## INTRODUCTION

The New York City Pension Funds (the "NYC Funds" or "Movants")[1] respectfully submit this memorandum of law in support of their motion (i) for the NYC Funds' appointment pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et seq.* (the "PSLRA") as Lead Plaintiff in the above-captioned securities fraud class action; and (ii) for the Court's approval of the NYC Funds' selection of Lead Counsel for the proposed class.

The above-captioned proposed class action alleges violations by Wachovia Corporation ("Wachovia"or the "Company"), and certain of its officers and directors, of §10(b) and §20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, on behalf of purchasers of Wachovia common stock during the period May 8, 2006 through June 6, 2008 (the "Class Period").

This motion is made on the grounds that the NYC Funds are the most adequate plaintiff, as defined by the PSLRA. The NYC Funds suffered significant loses from class period Wachovia investments – $114 million under FIFO methodology; $92 million under LIFO[2] – and are believed to have the largest financial interest in the relief sought by the class. The NYC Funds' claims are

---

[1]     Specifically: the New York City Board of Education Retirement System ("NYC BERS"); the New York City Employees' Retirement System ("NYCERS"); the New York City Police Pension Fund ("NYC Police"); the New York City Police Officers' Variable Supplements Fund ("POVSF"); the New York City Police Superior Officers' Variable Supplements Fund ("PSOVSF"); the New York City Fire Department Pension Fund ("NYC Fire"); the New York City Firefighters' Variable Supplements Fund ("FFVSF"); the New York City Fire Officers' Variable Supplements Fund ("FOVSF"); the New York City Teachers' Retirement System ("NYC TRS"); and the New York City Teachers' Retirement System Variable Annuity Program ("Teachers Variable A").

[2]     *See* August 8, 2008 Affidavit of Ira M. Press ("Press Affidavit"), Exhibit C (tables reflecting the calculated losses incurred by the NYC Funds as a result of their class period Wachovia transactions).

typical of those of other class members, and it is indisputable that the NYC Funds will be an adequate, even ideal, representative of the class. The NYC Funds are precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2508 (2007) (noting that in the PSLRA "Congress prescribed new procedures for the appointment of lead plaintiffs... aimed to increase the likelihood that institutional investors... would serve as lead plaintiffs"); *accord, In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99 fn. 23 (S.D.N.Y. 2005) (noting "fact that the PSLRA was designed to favor institutional investors" and citing cases). The NYC Funds are well accustomed to acting as a fiduciary, and their experience in legal and financial matters, including securities class action litigation, will substantially benefit the class. *See* pp. __ , *infra* and Declaration of Ilyse Sisolak ("Sisolak Declaration"), attached as Exhibit D to Press Affidavit.

## FACTUAL BACKGROUND

This is a securities class action on behalf of purchasers of Wachovia common stock during the period May 8, 2006 through June 6, 2008 (the "class period"), against Wachovia and certain of its officers and directors for violations of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a) (the "Action").[3]

The Action alleges, in a nutshell, that Wachovia misrepresented its mortgage lending operations, mortgage holdings, mortgage-backed security holdings (e.g., collateralized debt

---

[3]     A substantively identical class action suit was filed previously in the Northern District of California on June 6, 2008. *See* Press Affidavit, Exh. F (the complaint in *Bristol County Retirement System v. Wachovia Corp. et al.*, Civ. No. 3:08-cv-02844-SC [the "California Action"]) and Exh. A (published notice of pendency of the California Action), but that action has since been voluntarily dismissed (Press Affidavit, Exh. H). Accordingly, this Action is now the only action pending on behalf of the putative class.

obligations ["CDOs"] and residential mortgage-backed securities ["RMBS"]), and the financial consequences of those misrepresentations.  Until late in the class period, Wachovia consistently represented *inter alia* (1) that the mortgages it originated, including tens of billions of dollars of payment-option adjustable-rate mortgages ("option ARMs"),  were very conservatively underwritten, (2) that, as a result of such purported conservatism and of Wachovia's purported risk management, Wachovia would be insulated from the massive mortgage-related losses being experienced by other financial institutions, (3) that Wachovia had established adequate loan loss reserves for its mortgage holdings, (4) that Wachovia's subprime exposure was effectively nonexistent, and (5) that Wachovia was adequately-capitalized and could maintain its current dividend pay-out.

The Action alleges that, in truth, and contrary to Wachovia's above-described representations, (1) Wachovia's mortgages deviated from Wachovia's publicly-represented mortgage origination standards (for example, material portions of Wachovia's mortgages and option ARMs had been originated on a "low documentation" basis), (2) that such mortgages and mortgage origination practices in fact exposed Wachovia to massive mortgage losses, which Wachovia belatedly acknowledged in a series of multi-billion dollar loan loss provisioning charges, (3) that Wachovia's class period loan loss reserves had been understated and under-provisioned, and as a result Wachovia's reported net income and assets have been overstated, (4) that Wachovia's subprime exposure (and losses) were billions of dollars greater than represented, and (5) that Wachovia was inadequately-capitalized, needed to raise billions of dollars in further capital, and could not continue to pay its dividend at current levels.

The Action further alleges that, in late 2007 and early 2008, as Wachovia made a series of

corrective disclosures as to the above-described matters, Wachovia shares, which had traded above $58 per share earlier in 2007, fell to below $20 per share – a market capitalization loss of more than $80 billion.

## PROCEDURAL HISTORY

Plaintiffs Morton Lipetz and Evelyn Jean Lipetz commenced the above-captioned Action on July 7, 2008.

However, one month prior to the Action's filing in this District, a class action alleging substantially identical claims was filed in the U.S. District Court for the Northern District of California (the "California Action"), and on June 9, 2008 a notice was published adverting to the California Action. *See* Press Affidavit, Exh. A (published notice for the first-filed California Action), Exh. F (the California Action complaint). The California Action was voluntarily dismissed on August 7, 2008, just one day before the 60th day following the PSLRA notice of pendency of that action (a copy of which dismissal is attached as Exhibit H to the Press Affidavit). The notice of dismissal (Press Affidavit, Exh. H) expressly referenced the continued pendency of this "substantially similar" action.

The only differences between the California Action and this Action are (1) the California Action's class period ended on April 11, 2008 rather than June 6, 2008 (the class periods in both actions start on May 8, 2006), and (2) the California Action named one defendant not named in this Action (Donald K. Truslow, Wachovia's Chief Risk Officer) in addition to the three defendants named herein. The factual allegations underlying the two actions were identical with respect to the underlying alleged misconduct. The Action asserts § 10(b) claims on behalf of a putative class that includes the entire putative class in the California Action, and names as defendants three of the four

4

defendants named in the California Action.

The NYC Funds bring the instant motion pursuant to the notice of pendency for the earlier-filed California Action, and have filed this motion prior to expiration of the 60-day period from publication of the June 9, 2008 notice. That notice, pursuant to the PSLRA, is the operative notice for all subsequently-filed actions that assert "substantially the same claim" as the California Action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(ii).

## ARGUMENT

## I.    THE NYC FUNDS SHOULD BE APPOINTED LEAD PLAINTIFF

### A.    Legal Standards

The PSLRA, 15 U.S.C. §§ 78u-4(a)(3)(A) and 78u-4(a)(3)(B), sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Exchange Act.

First, the plaintiff who files the initial action must publish a notice to erstwhile class members, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 78u-4(a)(3)(B). In this regard, he PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, the NYC Funds are believed to have the largest financial interest in the relief sought in these actions among all putative class members who have filed complaints or filed timely motions for lead plaintiff appointment – in excess of $90 million or $110 million, depending on calculation method (Press Affidavit, Exh. C). As such, the NYC Funds are entitled to the presumption that they are the most adequate plaintiff.

Nor, as set forth below, is that presumption rebutted here. The ability of the NYC Funds to fairly and adequately represent the Class cannot be disputed. The NYC Funds are not aware of any unique defenses defendants could raise against them that would render them inadequate to represent the Class, and the NYC Funds' claims are typical of those of the Class.

Accordingly, the NYC Funds are presumptively the most adequate Lead Plaintiff and should be appointed Lead Plaintiff for the Class.

**B.    The NYC Funds Are Willing to Serve as Lead Plaintiff And Have Complied With the PSLRA**

On June 9, 2008, counsel for plaintiffs in the first-filed action on behalf of Wachovia investors caused notice to be published on *PrimeNewswire*, a national, business-oriented newswire service, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against the defendants herein, and advising purchasers of Wachovia securities

that they had until August 8, 2008 to file a motion to be appointed as Lead Plaintiff. *See* Press Affidavit, Exh. A. Pursuant to the PSLRA, the notice in the first-filed action is the only statutorily-required notice, and is therefore the operative notice with respect to subsequently-filed actions "on behalf of a class asserting substantially the same claim". 15 U.S.C. § 78u-4(a)(3)(A)(ii).[4]

The NYC Funds have timely filed the instant motion pursuant to published notice, and submit herewith their sworn certifications attesting that they are willing to serve as representatives of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Press Affidavit, Exh. B (NYC Funds' certifications); and Exh. D (Declaration of Ilyse Sisolak), at ¶¶ 15-24. The NYC Funds therefore satisfy the requirement of making a timely motion in response to a published notice.

### C.    The NYC Funds Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA provides that the most adequate plaintiff is presumed to be the "person or group of persons" that, among other things, "has the largest financial interest in the relief sought by the class." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437-439 (S.D.N.Y. 2008) ("the movant who has the largest financial interest and satisfies the requirements of Rule 23(a) at the time the motions are made is the presumptive lead plaintiff").

Here, the NYC Funds purchased or otherwise acquired[5] 4,465,016 shares of Wachovia during

---

[4]    Tellingly, the only notice filed by counsel for the plaintiffs in this Action (*see* Press Affidavit, Exh. G) does not suggest that the filing of this Action triggered a new 60 day period. In fact, the notice described the claim as being merely an expansion of the previously-asserted class period. *Id*.

[5]    During the Class Period, Wachovia acquired Golden West Financial Corporation and A.G. Edwards, Inc., using its own stock as payment. The NYC Funds acquired 832,450 Wachovia shares as a result of the Golden West acquisition, and 299,759 Wachovia shares as a result of the

the Class Period and have suffered aggregate losses of $92.0 million (using LIFO methodology) or $114 million (using FIFO methodology).  *See* Press Affidavit, Exh. C.

Some courts use a "four factor" test (also referred to as the "*Lax* factors")[6] in determining "financial interest", namely: (1) the numbers of shares of the subject securities purchased (here, 4,465,016 shares); (2) the number of net shares purchased (here, 2,347,928 shares); (3) the total net funds expended by the plaintiffs during the class period (here, $116,933,984); and (4) the approximate losses suffered by the plaintiffs (here, $ 113,954,871 under FIFO and $92,005,618 under LIFO).  *See, e.g., In re Fuwei Films*, 247 F.R.D. at 436-437 ("many courts, including courts in this District and in the Eastern District of New York, have adopted a four-factor test first promulgated in *Lax*"; citing cases); *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) (same, collecting cases).

To the best of their knowledge, the NYC Funds believe that they have the largest known financial interest in this case of any movant, and thus satisfy the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

Although courts are divided as to whether the PSLRA's reference to a "group of investors" serving as lead plaintiff allows for appointment of an aggregation of *unrelated* investors/entities as lead plaintiffs, there is no dispute that a group of *related* entities with real, pre-litigation relationships – such as the NYC Funds – is permissible.  The NYC Funds were established to and function to provide pension benefits to employees of the City of New York (as further described in

------

A.G. Edwards acquisition.

[6]        Because first articulated in *Lax v. First Merch. Acceptance Corp.*, No. 97 Civ. 2715, 1997 WL 461036, at *6 (N.D. Ill. Aug. 11, 1997).

the Sisolak Declaration – Press Affidavit, Exh. D at ¶¶ 3-9).  The New York City Comptroller serves

as Chief Investment Advisor and Custodian of Assets for the NYC Funds, other than Teachers Var

A (*Id.* at ¶10).  In addition, the NYC Funds are under common legal representation, pursuant to New

York City's Charter, all represented by the Law Department (*Id.*, ¶¶ 12-14).  Indeed, other courts

have recognized the closely-related nature of the NYC Funds and have appointed the NYC Funds

as lead plaintiff.  *See*, e.g., *Pappas v. Countrywide Financial Corp.*, No. 07-cv-5295 (C.D. Cal. Nov.

28, 2007) (Press Affidavit, Exh. I), *Garber v. Juniper Networks, Inc.*, No. C-06-4327-JW, 2006 WL

3365547 (N.D. Cal. Nov. 20, 2006).

> **D.    The NYC Funds Satisfy The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in

the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23

of the Federal Rules of Civil Procedure."  15 U.S.C § 78u-4(a)(3)(B)(iii)(I)(cc).

Rule 23(a) provides that a party may serve as a class representative if the following four

requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites for class certification, only two - typicality and adequacy - directly

address the personal characteristics of the proposed class representative. Consequently, in deciding

a motion for appointment of lead plaintiff, courts limit their inquiry to the typicality and adequacy

of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves

for class certification.[7]

### 1.    The NYC Funds' Claims Are Typical of Those of Other Class Members

The "typicality" requirement is "satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Fuwei Films*, 247 F.R.D. at 436, *citing In re Drexel Burnham Lambert Group, Inc*., 960 F.2d 285, 291 (2d Cir.1992); *see also*, *In re eSpeed*, 232 F.R.D. at 102 (typicality satisfied "where the claims arise from the same conduct from which the other class members' claims and injuries arise") (quoting *In re Initial Public Offering Sec. Litig*., 214 F.R.D. 117, 121 (S.D.N.Y.2002)).

Here, the NYC Funds' claims are typical of the claims asserted by the Class.  The NYC Funds, like all members of the Class, allege that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning Wachovia's operations and performance.  The NYC Funds share substantially the same questions of law and fact with other purchasers of Wachovia securities, such as, whether defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements which falsely depicted Wachovia's mortgage lending operations and their financial consequences, and whether these statements artificially  inflated the price of Wachovia securities.  The NYC Funds, like all of the

---

[7]    *Kaplan v. Gelfond*, 240 F.R.D. at 94 ("As this Court has previously noted, typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination of lead plaintiff under the PSLRA.") (citations omitted); *In re Fuwei Films*, 247 F.R.D. at 436; *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).  Further, "at this stage of litigation, only a preliminary showing of typicality and adequacy is required".  *Kaplan v. Gelfond*, 240 F.R.D. at 94; *In re eSpeed*, 232 F.R.D. at 102; *In re Initial Public Offering Sec. Litig*., 214 F.R.D. 117, 121 (S.D.N.Y.2002); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp. 2d 286, 296 (E.D.N.Y. 1998).

members of the Class, acquired Wachovia securities during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions, and were damaged thereby. *See, e.g., In re eSpeed*, 232 F.R.D. at 102 ("Members of the class claim to have been injured by a fraudulent inflation of eSpeed's stock price; [lead plaintiff movant] makes the same claim. [Lead plaintiff movant] therefore meets the Rule 23 typicality requirement for the purpose of the lead plaintiff inquiry"). All other persons and entities who acquired Wachovia securities during the Class Period overpaid as a result of the same misconduct that caused the NYC Funds' injury. *See, e.g., In re Drexel*, 960 F.2d at 291; *In re Oxford Health Plans*, 191 F.R.D. 369, 375 (S.D.N.Y. 2000) (typicality under Rule 23 requires that a class representative "have the incentive to prove all the elements of the cause of action which would be represented by the individual members of the class were they initiating individualized actions").

Furthermore, the NYC Funds acquired their Wachovia shares both through open market purchases and as a result of Wachovia's acquisitions of other companies during the class period (Golden West Financial Corporation; A.G. Edwards, Inc. – *see* n. __, *supra*). Thus, the NYC Funds possess standing to assert claims on behalf of both such groups of investors (i.e., investors who acquired Wachovia shares as a result of Wachovia's acquisitions possess additional claims under the Securities Act of 1933), and have very strong motivation to do so.

In short, the interests of the NYC Funds are closely aligned with the interests of other Class members, and therefore the NYC Funds are typical of the other members of the Class.

### 2. The NYC Funds Will Fairly and Adequately Represent the Interests of the Class and are Not Subject to Unique Defenses

The presumption in favor of appointing the NYC Funds as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most

adequate plaintiff:

> (aa)    will not fairly and adequately protect the interest of the class;
>
> or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Courts in the Second Circuit have held that the "adequacy" of a class representative for Rule 23 purposes means that (i) the plaintiff's attorney is qualified, experienced and generally able to conduct the litigation and (ii) the plaintiff does not have any interests antagonistic to the class. *In re Drexel*, 960 F.2d at 291. *See also Kaplan*, 240 F.R.D. at 94 ("The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy"); *In re Fuwei Films*, 247 F.R.D. at 436 (same).

The adequacy of the NYC Funds cannot be disputed. The NYC Funds have indicated that they will protect the interests of the Class, as reflected in their Certifications (Press Affidavit, Exh. B) and in the Sisolak Declaration (Press Affidavit, Exh. D at ¶¶ 15-24), have sustained significant losses from their investments in Wachovia securities and are therefore extremely motivated to pursue the claims in this action (Press Affidavit, Exh. C), have demonstrated their adequacy as Lead Plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, have shown that they are willing and able to take an active role in and control the litigation and to protect the interests of absentees (*see* Sisolak Declaration, ¶¶ 15-24), and have also retained counsel with considerable

experience in the prosecution of class actions and federal securities law claims (*see* Section II, *infra* and Press Affidavit Exh. E).

The NYC Funds are not aware of any unique defenses defendants could raise against them that would render them inadequate to represent other purchasers of Wachovia securities.

### 3.    The NYC Funds Are Ideal Lead Plaintiffs

The NYC Funds are very large institutional investors with vast resources to adequately litigate this action and supervise class counsel.  *See* Sisolok Declaration (Press Affidavit, Exh. D), ¶¶ 15-24.  As such, they are exactly the sort of lead plaintiff envisioned by the PSLRA.[8]

The Court may rest assured that the NYC Funds, in addition to meeting statutory requirements, have the sophistication and experience necessary to lead this complex securities class action.  *See* Sisolak Declaration, ¶¶ 15-24.  Indeed, the NYC Funds have a proven track record of successful service in this capacity, including serving as co-lead plaintiffs in the *Cendant* action where they achieved one of the largest recoveries on record (in excess of $3 billion).  Moreover, in *Cendant* as well as here, the NYC Funds have negotiated a fee agreement with their proposed lead counsel that will limit counsel fees to ones substantially below average fee awards (Sisolak Declaration, ¶ 24), thus further enhancing class recovery and further evidencing the NYC Funds'

---

[8]     *See, e.g., Tellabs,* 127 S.Ct. at 2508 (noting that in the PSLRA "Congress prescribed new procedures for the appointment of lead plaintiffs... aimed to increase the likelihood that institutional investors... would serve as lead plaintiffs"); *accord, In re eSpeed*, 232 F.R.D. at 99 fn. 23 (noting "fact that the PSLRA was designed to favor institutional investors"; citing cases); *In re Cendant Corp. Litig*., 264 F.3d 201, 264 (3d Cir. 2001) (noting that explicit intent behind PSLRA was to encourage large institutional investors to serve as lead plaintiffs); *Sakhrani v. Brightpoint*, 78 F.Supp.2d 845, 850 (S.D. Ind.1999) ("The PSLRA was enacted with the explicit hope that institutional investors ... would step forward to represent the class and exercise effective management and supervision of the class lawyers"); *Gluck v. CellStar Corp*., 976 F.Supp. 542, 548 (N.D. Tex.1997) ("through the PSLRA, Congress has unequivocally expressed its preference for securities fraud litigation to be directed by large institutional investors.").

ability to control class litigation and fulfill fiduciary duties to the investor classes they represent (Sisolak Declaration, ¶¶ 15-24).

## II.    THE NYC FUNDS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject only to approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should not disturb the Lead Plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *Kaplan*, 240 F.R.D. at 96; *In re Fuwei Films*, 247 F.R.D. at 439-440.

In the present case, the NYC Funds have retained Kirby McInerney LLP to pursue this litigation on their behalf as Lead Counsel in the event they are appointed Lead Plaintiff.  Kirby McInerney possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm resumé attached to the Press Affidavit as Exhibit E.  As a result of their extensive experience in litigation involving issues similar to those raised in this action, the NYC Funds' proposed counsel have the skill and knowledge that will enable them to prosecute this action effectively and expeditiously.

Thus, the Court may be assured that, by granting the NYC Funds' motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, the NYC Funds respectfully ask the Court to grant the NYC Funds' motion and enter an Order (a) appointing the NYC Funds as Lead Plaintiff, and (b) approving the NYC Funds' selection of Kirby McInerney LLP as Lead Counsel, and (c) granting

14

such other relief as the Court may deem just and proper..

Dated:        August 8, 2008              **KIRBY McINERNEY LLP**

                                By:        /s/ Ira M. Press
                                           Ira M. Press (IP 5313)
                                           Roger W. Kirby
                                           825 Third Avenue, 16th Floor
                                           New York, NY  10022
                                           Tel: (212) 371-6600
                                           Fax: (212) 751-2540
                                           Email: ipress@kmllp.com

                                           *Attorneys for Movant, New York City Pension Funds,*
                                           *and Proposed Lead Counsel*

## CERTIFICATE OF SERVICE

I, Ira M. Press, hereby certify that, on August 8, 2008, I caused a true and correct copy of the attached:

1.  **NOTICE OF MOTION OF THE NEW YORK CITY PENSION FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

2.  **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE NEW YORK CITY PENSION FUNDS  FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

3.  **AFFIDAVIT OF IRA M. PRESS IN SUPPORT OF MOTION OF THE NEW YORK CITY PENSION FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

                              /s/ Ira M. Press
                              Ira M. Press

## SERVICE LIST

**Electronically to all ECF-Registered Entities**
**By U.S. Mail To All Known Non-ECF Registered Entities**

*Attorneys for Defendants:*

Robert L. Dell Angelo
Marc T.G. Dworsky
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9540
Facsimile: (213) 683-4040

*Attorneys for Plaintiffs:*

Evan J. Smith
BRODSKY & SMITH, LLC
240 Mineola Boulevard
Mineola, NY 11501
Telephone: (516) 741-4977
Facsimile: (516) 741-0626

Andrei V. Rado
Christopher J. Keller
Alan I. Ellman
LABATON SUCHAROW LLP
140 Broadway New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Plaintiffs Morton Lipetz and*
*Evelyn Jean Lipetz*

*Counsel for California Action Plaintiff*
*Bristol County Retirement System*

Nicole Lavallee
Joseph J. Tabacco, Jr.
Julie J. Bai
BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO
425 California Street, Suite 2100
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6282

*Local Counsel for California Action Plaintiff*
*Bristol County Retirement System*