KIRBY McINERNEY, LLP
Roger W. Kirby
Ira M. Press
Sarah G. Lopez
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: 212-371-6600
Facsimile: 212-751-2540
Email: ipress@kmllp.com

*Proposed Lead Counsel for Movant,*
*NYC Funds*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORTON LIPETZ and EVELYN JEAN LIPETZ, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 1:08-6171-RJS |
| Plaintiffs, | |
| v. | |
| WACHOVIA CORPORATION, G. KENNEDY THOMPSON and THOMAS J. WURTZ, | |
| Defendants. | |

**THE NEW YORK CITY PENSION FUNDS' MEMORANDUM
IN OPPOSITION TO THE MOTIONS OF THE WACHOVIA
INSTITUTIONAL INVESTOR GROUP, THE UNION PENSION FUND GROUP,
AND THE FULTON COUNTY EMPLOYEES RETIREMENT SYSTEM FOR
APPOINTMENT OF LEAD PLAINTIFF**

## INTRODUCTION

The NYC Pension Funds (the "NYC Funds") respectfully submit this memorandum in opposition to the competing motions of the Wachovia Institutional Investor Group, the Union Pension Fund Group, and the Fulton County Retirement System for appointment of lead plaintiff in the above-captioned action. It is apparent from a review of the various competing motions that the NYC Funds have far and away the largest financial interest, however measured, in the relief sought by the class. Accordingly, they, and not the other competing movants, are entitled to the Private Securities Litigation Reform Act of 1995 ("PSLRA")'s "most adequate plaintiff" presumption. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

The NYC Funds' trading losses of approximately $92 million when calculated under the last in first out ("LIFO") methodology preferred in this District, or nearly $113.9 million when calculated under the first in first out ("FIFO") methodology, are significantly higher than those of the competing movants. The NYC Funds' LIFO losses are more than triple those of the next largest moving group, the "Wachovia Institutional Investor Group," which is not really a "group" at all as that term has been construed by many courts. Rather, that "group" is an artificial amalgam of unrelated domestic and foreign-based funds brought together by the two separate law firms that members of that group retained. In fact, the NYC Funds' losses are more than double those of all three other competing moving groups *combined*. As such, there can be no question that the NYC Funds, and not any of the other movants, is entitled to the PSLRA presumption.

## THE COMPETING MOVANTS

A total of four motions for lead plaintiff appointment were filed by putative class members on or before the August 8, 2008 statutory deadline:

1. **NYC Funds.** A group of public pension funds, all operating for the benefit

of New York City employees, which combined suffered class period investment losses of more than $92 million on a LIFO basis and close to $114 million on a FIFO basis. One of the NYC Fund constituents, the New York City Teachers' Retirement System, alone suffered LIFO losses of more than $57 million.

2. **The Wachovia Institutional Investor Group.** This "group" is really an aggregation of an overseas entity known as Fjarde Ap Fonden (a/k/a AP4) and the employee retirement systems of Maine and Mississippi. The group members' sole connection to one another appears to be that each investor had retained one of the two law firms that this group seeks to appoint as co-lead counsel. The group as a whole claims to have lost approximately $29 million under the preferred LIFO methodology (and nearly $41 million under the FIFO methodology). The largest segment of those LIFO losses is the $11 million loss claimed by the overseas entity AP4.

3. **The Union Pension Fund Group.** This is a group of four pension funds operating for the benefit of various locals of the International Ironworkers Union and a fifth member, a Teamsters Local fund, which claim combined LIFO losses of $4.38 million (less than 1/20th of the losses of the NYC Funds) or $5.1 million on a FIFO basis.

4. **The Fulton County Employees Retirement System.** This movant claims a loss of close to $1.94 million under either FIFO or LIFO.

**ARGUMENT**

**I.     THE NYC FUNDS ARE ENTITLED TO THE PSLRA PRESUMPTION.**

The PSLRA provides that the movant with the largest financial interest in the litigation is entitled to a presumption that it is the most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Courts interpreting the PSLRA have held that once the movant with the

largest financial interest is identified, the court should not even examine the credentials of competing movants unless and until the court finds the presumptive lead plaintiff to be atypical of the class or otherwise inadequate. Thus, absent compelling evidence of the presumptive lead plaintiff's inadequacy, a court may not appoint a movant who lacks the largest financial interest. *See, e.g., In re Cavanaugh,* 306 F.3d 726, 729-31 (9th Cir. 2002); *accord In re Host America Corp. Sec. Litig.*, 236 F.R.D. 102, 105 (D. Conn. 2006). *See also Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004); *accord Vladimir v. Bioenvision Inc.*, No. 07 Civ. 6416 (SHS) (AJP), 2007 WL 4526532, at *6 (S.D.N.Y. Dec. 21, 2007).

It is not surprising that each of the competing movants' motions is predicated on the notion that said movant has the largest financial interest in the litigation. *See* Union Pension Fund Group Memorandum of Law, August 8, 2008, p. 9 (Docket Entry #3); Fulton County's Memorandum of Law, August 8, 2008, p. 7 (Docket Entry #8); Institutional Investor Group Memorandum of Law, August 8, 2008, p. 6 (Docket Entry #14).

Obviously, all of the movants cannot be right about having the largest financial interest. Upon examination of the competing motions, there is no question that the NYC Funds in fact have the largest financial interest. Some courts calculate investment losses pursuant to FIFO, and others LIFO – although the latter is clearly the preferred method in this Court. *See In re Pfizer Inc. Sec. Litig.*, 233 F.R.D. 334, 337 fn. 3 (S.D.N.Y. 2005); *In re e-Speed, Inc. Sec. Litig.,* 232 F.R.D. 95, 101 (S.D.N.Y. 2005). Under either measure, the NYC Funds have the largest financial interest. The NYC Funds' LIFO losses of $92 million are more than triple those of the next largest

movant. Their FIFO losses of $113.9 million are more than double that of the next movant.[1]

Moreover, the competing movants cannot rebut the presumption accorded to the NYC Funds. The NYC Funds, having acquired more than 4 million Wachovia shares during the class period and having lost more than $90 million, have claims for violations of the securities laws that are typical of the class. Furthermore, the NYC Funds are clearly adequate class representatives as has been recognized time and again by courts that have appointed the Funds as lead plaintiff in securities litigation. *See* Sisolak Declaration, ¶ 14 (Press Affidavit, Exhibit D) (Docket #12).

## II. THE WACHOVIA INSTITUTIONAL INVESTOR GROUP MEMBERS CANNOT PROPERLY AGGREGATE THEIR LOSSES.

In addition to not being entitled to the PSLRA presumption, the Wachovia Institutional Investor Group's application is further deficient for the reason that this "group" is comprised in a manner that many courts have held runs afoul of the PSLRA. Courts have held repeatedly that the PSLRA reference to lead plaintiff "groups" is limited to investors that have some relationship with one another outside the scope of the litigation. Courts have time and again refused to appoint "groups" of disparate unrelated investors who were merely cobbled together by their counsel in the hope of aggregating to the largest financial interest. *Goldberger v. PXRE Group, Ltd.*, No. 06-CV-3410 (KMK), 2007 WL 980417, at *5 (S.D.N.Y. Mar. 30, 2007); *Glauser v. EVCI Center Colleges Holding Corp.*, 236 F.R.D. 184, 190 (S.D.N.Y. 2006); *In re Doral Fin. Corp. Sec. Litig.*, 414 F.Supp.2d 398, 401 (S.D.N.Y. 2006); *In re Pfizer*, *supra*, 233 F.R.D. at 337; *In re Veeco Instruments, Inc. Sec. Litig.*, 233 F.R.D. 330, 334 (S.D.N.Y. 2005); *Constance Sczesny Trust v.*

---

[1]   Moreover, the extent to which the NYC Funds' losses exceed the next largest movant increases materially if the Court does not accept the artificial aggregation of the Wachovia Institutional Investor Group (*see* Section II, *infra*).

*KPMG LLP*, 223 F.R.D. 319, 323 (S.D.N.Y. 2004). "Artificially created" entities are routinely spurned. *In re Enron Corp. Sec. Litig.,* 206 F.R.D. 427, 457 (S.D. Tex. 2002).

As the court said in *In re Enron Corp. Sec. Litig.*, *id*. at 455, a group of otherwise-unrelated pension funds could not aggregate to serve as a lead plaintiff when "there is ... no clear or persuasive reason why [the] funds have joined together to apply for Lead Plaintiff in this litigation other than an effort to amalgamate their losses to be greater than their competitors".

The Wachovia Institutional Investor Group is an "artificially created" entity. The group is comprised of the Maine Public Employees' Retirement System, which appears to have been joined together with the foreign-based AP4 by the law firm that both funds independently retained, Schiffrin Barroway Topaz & Kessler LLP. They, in turn, were joined with the Mississippi Public Employees' Retirement System, a fund that independently has been appointed to serve as lead plaintiff or class representative no fewer than ten times in the past three years (*see* August 8, 2008 Declaration of Gerald H. Silk in Support of the Motion of the Wachovia Institutional Investor Group for Appointment as Lead Plaintiff and for Approval of its Selection of Counsel as Lead Counsel for the Class ("Silk Declaration"), Exh. C (Docket #15)), and is represented in this lawsuit by the law firm of Bernstein Litowitz Berger & Grossmann LLP. Thus, the Wachovia Institutional Investor Group appears to be little more than a case of two law firms pooling their respective unrelated client bases in an unsuccessful attempt to aggregate to the largest financial interest in the litigation. They are the very sort of amalgamation that has been rejected by the courts cited above (as well as numerous other courts).

The NYC Funds by way of contrast are a "proper group" under the strictest interpretations of the PSLRA presumption. All of the Funds have a relationship that predates this

5

lawsuit and exists outside of the context of this suit.  The NYC Funds all provide pension benefits to the employees of the City of New York.  Furthermore, pursuant to the New York City Charter, all are represented by the New York City Law Department.  *See* Sisolak Declaration (Press Affidavit, Exh. D) (Docket #12).  For that reason, several courts have previously appointed a combination of the NYC Funds as lead plaintiff in PSLRA cases.  *See*, e.g., *Pappas v. Countrywide Financial Corp.*, No. 07-cv-5295 (C.D. Cal. Nov. 28, 2007) (Press Affidavit, Exh. I), *Garber v. Juniper Networks, Inc.*, No. C-06-4327-JW, 2006 WL 3365547 (N.D. Cal. Nov. 20, 2006).[2]

---

[2] Moreover, even on a disaggregated basis, several of the NYC Funds have losses that are larger than any individual competing movant.  In fact, the two New York City Teachers' Retirement System funds (NYC TRS and Teachers Variable A) alone have LIFO losses of more than $57 million – a figure in excess of any of the competing groups – let alone any individual constituents of those groups.  NYC Funds member NYCERS ($18 million FIFO loss) also has a loss that is larger than any of the individual constituents of competing groups.

## CONCLUSION

For the foregoing reasons, the Court should deny the motions of the Wachovia Institutional Investor Group, the Union Pension Fund Group, and the Fulton County Retirement System for appointment as lead plaintiff in this action.

KIRBY McINERNEY, LLP


By:   /s/ Ira M. Press
       Ira M. Press
       Roger W. Kirby
       Sarah G. Lopez
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: 212-371-6600
Facsimile: 212-751-2540

*Proposed Lead Counsel for Movant
the NYC Funds*