UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MORTON LIPETZ and EVELYN JEAN LIPETZ,
Individually and On Behalf of All Others Similarly
Situated

                        Plaintiffs,

  -v-

WACHOVIA CORP., G. KENNEDY THOMPSON,
and THOMAS J. WURTZ,

                        Defendants.

No. 08 Civ. 6171 (RJS)

MEMORANDUM AND ORDER

---

RICHARD J. SULLIVAN, District Judge:

    Before the Court are two motions for appointment as Lead Plaintiff in the above-captioned case, a putative class action alleging violation of the federal securities laws in connection with Wachovia Corp.'s ("Wachovia") alleged false or misleading statements about its mortgage-related operations and exposure to mortgage-related assets. (Cmpl. ¶¶ 1-3.) Also before the Court are the lead plaintiff movants' motions to approve the selection of Lead Counsel in the action. For the reasons that follow, the motions of Movant New York City Pension Funds ("NYCPF")[1] are GRANTED, and the motions of Movant Fulton County Employees Retirement System ("FCERS") are DENIED.

I. FACTS

    Plaintiffs allege that they purchased shares of Wachovia, a provider of commercial and retail banking services as well as trust services, between May 8, 2006, and June 6, 2008. (Cmpl. at ¶¶ 1

---

[1] The pension funds constituting the NYCPF group are the New York City Board of Education Retirement System, the New York City Employees Retirement System, the New York City Police Pension Fund, the New York City Police Officers Variable Supplements Fund, the New York City Police Superior Officers Variabl e Supplements Fund, the New York City Fire Department Pension Fund, the New York City Firefighters Variable Supplements Fund, the New York City Fire Officers Variable Supplements Fund, the New York City Teachers Retirement System, and the New York City Teachers Retirement System Variable Annuity Program.

& 2.) They assert that, throughout the class period, Wachovia made false and misleading statements with regard to both its financial statements and the nature of certain internal practices. (*Id.* ¶ 3.) Specifically, Plaintiffs allege that Wachovia misled investors about its "extremely aggressive residential mortgage lending practices, its failure to write down impaired securities containing subprime debt, its poor internal controls and its improper practices with respect to auction rate securities." (*Id.*) As a result of these alleged false and misleading statements, Plaintiffs claim that throughout the class period Wachovia stock traded at artificially inflated prices. (*Id.*) Plaintiffs assert that, beginning in approximately mid-2007, problems with the mortgage market became apparent, but that even in the midst of write-downs Wachovia nonetheless failed to fully disclose the extent of its financial difficulties. (*Id.* at ¶¶ 4-7.) The full extent of Wachovia's difficulties was revealed only on June 9, 2008, Plaintiffs claim, sending Wachovia shares to a close of $ 18.89, down from their class period high of $ 58.80 in February 2007. (*Id.* at ¶¶ 3 & 21.)

## II. Procedural Posture

The instant complaint was filed on July 7, 2008 by Morton Lipetz and Evelyn Lipetz, individually and on behalf of all others similarly situated, alleging violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.[2] (Cmpl. ¶ 24.) The complaint alleges claims against Wachovia as well as against G. Kennedy Thompson, Wachovia's former Board Chairman and Chief Executive Officer, and Thomas J. Wurtz, former Chief Financial Officer and Executive Vice President of the company. (Cmpl. ¶¶ 28-30.)

---

[2] On June 9, 2008, a substantially similar complaint was filed in the District Court for the Northern District of California. *See Bristol County Retirement System v. Wachovia Corp., et al.*, No. 3:08 Civ. 02844 (SC). That case was voluntarily dismissed on August 7, 2008, in part because of the pendency of the instant action.

On August 8, 2008, NYCPF and FCERS filed their respective motions for appointment as Lead Plaintiff. On August 25, 2008, NYCPF filed its opposition to FCERS's motion.[3] FCERS has not filed an opposition to NYCPF's motion.

## II. Legal Standard

Under the procedures established by the Private Securities Litigation Reform Act ("PSLRA"), a district court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA creates a rebuttable presumption that the most adequate plaintiff is the "person or group of persons" who is a named plaintiff or timely movant and otherwise satisfies the requirements of Federal Rule of Civil Procedure 23, provided that person or group of persons "has the largest financial interest in the relief sought by the class." *Id.*; *see also In Re Fuwei Films Sec. Litig.*, 247 F.R.D. at 436-37 (S.D.N.Y. 2008).

### A. Financial Interest

Though the PSLRA does not specify a method for calculating the "largest financial interest," a number of Second Circuit courts have applied a four-part test in making the determination, weighing "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *In re Olsten Corp. Secs. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

---

[3] The Wachovia Institutional Investor Group ("WIIG") filed its motion seeking to be appointed Lead Plaintiff on August 8, 2008, but filed a notice of non-opposition to the appointment of the NYCPF as Lead Plaintiff on August 26, 2008. The Union Pension Fund Group filed its application for Lead Plaintiff status on August 8, 2008, and withdrew that application on September 8, 2008.

B. Rule 23 Requirements

Of the four criteria of Rule 23(a) — numerosity, commonality, typicality, and adequacy — "only two — typicality and adequacy — directly address the personal characteristics of the class representative." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 412 (S.D.N.Y.2004). Thus, "in deciding a motion to serve as lead plaintiff, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." *Id.* (internal quotation marks and citations omitted); *see also In re OSI Pharmaceuticals, Inc. Securities Litigation*, No. 04 Civ. 5505 (JS) (ETB), 2005 WL 6171305, at *4 (E.D.N.Y. Sept. 21, 2005).

The adequacy requirement is satisfied where the lead plaintiff can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Thus, "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation." *Pirelli*, 229 F.R.D. at 412-13 (citations omitted). Additionally, "the lead plaintiff should have a sufficient interest in the outcome to ensure vigorous advocacy." *Id.* at 413 (citations and internal quotations omitted).

The requirement of typicality is met if "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) (citations omitted). Nonetheless, a lead plaintiff's claims "need not be identical to the claims of the class to satisfy the typicality requirement." *Pirelli*, 229 F.R.D. at 412.

Once established, the presumption of most adequate plaintiff may be rebutted "only upon proof by a member of the purported plaintiff class" that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### III. ANALYSIS

#### 1. NYCPF Is the Presumptive Lead Plaintiff

NYCPF has demonstrated that it is entitled to the rebuttable presumption, under the PSLRA, that it is the most adequate lead plaintiff in this action.

As a preliminary matter, NYCPF timely moved to be appointed lead plaintiff within 60 days of the published notice in the first-filed action. *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II); *see also* NYCPF Mem. 6-7.

Second, it is evident that NYCPF has the largest financial interest. NYCPF purchased or acquired, through Wachovia's purchases of other entities using its own stock, 4,465,016 shares, with net shares purchased amounting to 2,347,928. (Press Aff. Ex. C). These purchases and acquisitions resulted in a net expenditure of $116,933,984 and approximate losses of $113,954,871 on a first in, first out ("FIFO") basis and $92,005,618 on a last in, first out ("LIFO") basis. (*Id.*) These figures far outstrip those of Movant FCERS, which, for example, sustained approximate losses of only $1,939,703 on a LIFO basis. (*See* Scott Decl. Ex. C.)

Finally, NYCPF satisfies the typicality and adequacy prongs of Rule 23. *See* 15 U.S.C. § 77z-1(a)(3)(B). Specifically, NYCPF has a substantial financial stake in the litigation, which leads the Court to believe that as lead plaintiff, NYCPF would prosecute the claim vigorously, s*ee Pirelli*, 229 F.R.D. at 413; there are, from the moving papers, no apparent conflicts of interest; and the

claims are typical of the claims of the class as a whole, based on the allegations that NYCPF, like the proposed class, purchased Wachovia shares in reliance on Defendants' false and misleading statements, and suffered damage thereby (NYCPF Mem. at 10-11).

As a result, NYCPF has demonstrated that it is the presumptive lead plaintiff.

### 2. There Were No Attempts to Rebut the Presumption

The FCERS never filed an opposition to NYCPF's motion; accordingly, the Court concludes that the presumption in favor of NYCPF has not been rebutted, and that NYCPF is the movant most capable of adequately representing the interests of the class.[4]  NYCPF is hereby appointed Lead Plaintiff in this action.

### IV.  APPROVAL OF SELECTION OF LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff shall select and retain counsel to represent the class, subject to the court's approval.  *See Pirelli*, 229 F.R.D. at 420.  Lead Plaintiff NYCPF has retained Kirby McInerney LLP (hereinafter "Kirby"), and now seeks the Court's approval of that selection.  In support of that request, Ira M. Press, Esq., an attorney with Kirby, has submitted an affidavit attaching a resume of the firm which describes a number of securities class actions or other actions in which the firm has served as counsel or, in many cases, lead or co-lead counsel. (Press Aff. Ex. E.)  Accordingly, the Court finds that Kirby is well qualified to serve as lead counsel in this matter, and thus the selection of Kirby McInerney LLP as Lead Counsel is hereby approved.

---

[4] The WIIG, in its Notice of Non-Opposition to NYCPF's motion, concedes that NYCPF has the greatest financial interest in the case, but asserts its willingness to serve as co-Lead Plaintiff, and submits that it is the next most qualified movant should the Court decline to appoint NYCPF. (WIIG Notice at 1.)  This too is insufficient to rebut the presumption that NYCPF is the most adequate lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

IV. CONCLUSION

For the reasons stated above, Movant NYCPF's motions for appointment as Lead Plaintiff and approval of selection of counsel are GRANTED. All other motions are DENIED.

Lead Plaintiff is GRANTED leave to file an amended class action complaint, should it so choose, due 30 days from the date of this order. Defendants shall answer or otherwise respond not more than 30 days after the filing of the amended class action complaint.

SO ORDERED

Dated: New York, New York
       October 9, 2008

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE